United States District Court
Southern District of Texas
**ENTERED**
June 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RICKY CHOYCE, JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-16-0241 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 11). The court recommends that respondent's motion to dismiss (Dkt. 23) be granted, petitioner's motion for default judgment (Dkt. 24) be denied, and the petition be denied with prejudice.

## Background

Choyce was convicted in 1994 for aggravated robbery and sentenced to 40 years in prison. His conviction was affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review on November 30, 1994.

Choyce has since filed several state and federal challenges. His first state application for writ of habeas corpus filed July 10, 1995 was denied without written order on the findings of the trial court on December 13, 1995. His second state writ application filed ten years later on July 5, 2005 was dismissed as a subsequent application on September 21, 2005. In August 2013, Choyce filed a petition for mandamus seeking a nunc pro tunc order correcting his trial and prison records (essentially the issues raised here). The Court of Criminal Appeals denied

the petition without written order on September 4, 2013.

Choyce filed a federal habeas petition on October 11, 2010 challenging his loss of good time credits and other parole issues. The court dismissed the petition. *Choyce v. Thaler*, No. 4:10cv4550 (S.D. Tex. Nov. 19, 2010). Choyce filed a second federal habeas petition challenging his conviction and sentence on August 2, 2011. The court denied the petition with prejudice as time-barred. *Choyce v. Thaler*, No. 4:11cv4060 (S.D. Tex. Feb. 9, 2012). Choyce filed the instant federal petition on August 28, 2015.

**Analysis**

Choyce's current petition, which is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), is both successive and time-barred and should be denied with prejudice.[1] AEDPA provides that "[a] claim presented in a second or successive application that was not presented in a prior application shall be dismissed" unless it relies on a new rule of constitutional law; the factual predicate of the claim could not have been discovered previously; or the facts, if proven, establish by clear and convincing evidence that but for constitutional error no reasonable fact-finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). In cases permitted by § 2244(b)(2), an applicant must get permission from the Fifth Circuit before filing a second or successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A).

Choyce has filed two prior federal habeas petitions. His current claims could have

---

[1]    AEDPA applies to federal habeas petitions filed after April 24, 1996, no matter when state court proceedings took place. *U.S. v. Orozca-Ramirez*, 211 F.3d 862, 866 (5th Cir. 2000). Choyce's claims also appear to be unexhausted, but it is not necessary to address exhaustion given the other grounds for denial.

been raised in either. None of the exceptions in § 2244(b)(2) are present here, and Choyce has not been given permission to proceed by the Fifth Circuit. The petition is subject to dismissal as a subsequent petition.[2]

However, Choyce's claims are also time-barred. Choyce contends (1) that a 2010 TDCJ Unit Classification Review inaccurately indicates that his offense involves the death of 2 clerks; and (2) that the trial judge incorrectly found that his offense involved a deadly weapon. Choyce was aware of the first claim by 2010, and it was raised in his 2013 motion in state court for leave to file a petition for mandamus. He was aware of the second claim at the time of his conviction and sentencing in 1994.[3] He did not file the current federal petition until August 2015, well after expiration of the one-year statute of limitations under AEDPA.

## Conclusion

For the reasons discussed above, the court recommends that Choyce's petition be denied with prejudice.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

---

[2]     Because the claims are time-barred, there is no reason to transfer this case to the Fifth Circuit to determine whether he should be allowed to proceed.

[3]     *See* 02/11/94 Judgment (Dkt. 22-1 at 40).

Signed at Houston, Texas on June 17, 2016.

Stephen Wm Smith
United States Magistrate Judge